# McFadden, Appellant, v. Millerstown Deposit Bank.

*Judgment—Opening judgment—Attachment—Execution—Appearance.*

A judgment entered against a garnishee for want of an appearance will be opened where it is shown to the court that the failure to enter an appearance was through an oversight, that there were no goods or money in the hands of the garnishee, that the sheriff's return did not show an attachment of goods or money, and that the plaintiff had failed to comply with the rules of court as to service of interrogations and notice of rule on the garnishee.

Argued May 10, 1905.   Appeal, No. 265, April T., 1905, by plaintiff, from order of C. P. Butler Co., March T., 1905, No. 8, making absolute rule to open judgment in case of J. A. McFadden v. Millerstown Deposit Bank, Garnishee of D. C. McLean.   Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Rule to open judgment.

GALBREATH, P. J., filed the following opinion:

The execution attachment in this case was issued on December 8, 1904.   The writ is in the issued form, with a clause in the nature of a scire facias against the garnishee, to appear on the second Monday of January, 1905, to show cause why judgment should not be levied of the effects of the defendant in the hands of the garnishee.   The Act of assembly of June 16, 1836, P. L. 755, sec. 35, provides that the writ and scire facias may issue, and the defendant and garnishee be required to appear "at the next term of the court or at such other time as the court from which such process may issue, shall appoint, and show cause," etc.   In the present case the writ was made returnable to the second Monday of January, 1905, being the ninth day of said month.   A rule to answer interrogatories was also taken out on December 8, and made returnable to the second Monday of January, 1905, and interrogatories filed.   The writ of attachment, with its clause of scire facias, and the rule to answer interrogatories together with a copy of the interrogatories were served on G. E. Myers, assistant cashier of the

Millerstown Deposit Bank, as the sheriff's return indicates, on December 8, 1904. The return does not, however, show any attachment of any money, deposits, goods or effects of any kind belonging to defendant in the hands of the garnishee.

On January 10, 1905, judgment was entered against the garnishee, in default of an appearance, in the sum of $158.11 and costs. This judgment, we think, was irregularly entered, for the following reasons, to wit:

1. The return of the sheriff does not show that anything whatever was attached in the hands of the garnishee.

2. Assuming, however, that the service of the writ of attachment was sufficient to hold any goods or moneys of the defendant in the hands of the garnishee at the time of the service of the writ if such there were, yet the judgment was not taken in the manner provided by rule of court. Rule VI, section 20, provides as follows : " At any time after the return of the scire facias against the garnishee, the plaintiff in a foreign attachment or an attachment to levy on stock, debts and deposits of money due defendant, having filed a copy of the following interrogatories of record in the case—may enter a rule of cause for the garnishee to answer under oath within fifteen days from the time of service of the rule and a copy of the interrogatories upon him and when failure of the garnishee to answer within the time specified, judgment may be taken against him by default upon præcipe therefore filed in the prothonotary's office."

This rule of court does not seem to have been observed in the present case. Under its provisions a rule to answer interrogatories could not issue until after return of the scire facias and when issued the garnishee would have fifteen days from the time of service thereof in which to answer before judgment can be taken in default of an appearance.

In the present case the proof is that the defendant did not have any money on deposit in the bank of the garnishee, and the cashier, who was absent when the attachment was served, seems to have misunderstood the time mentioned in the writ for his appearance. It would be a hard rule which would hold a garnishee for the payment of the debt of another where he has no money or effects of the defendant in his hands. For this reason courts have been somewhat lenient in the opening

of judgments entered against them where their delay or default, if any, is excused and there is a good defense. For that reason alone the judgment might be opened, but when to this is added the fact that no goods or moneys seem to have been attached, so far as the record discloses, and the entry of the judgment was not in accord with the foregoing rule of court, it seems quite clearly the duty of the court to open the judgment as to the garnishee, and let it into a defense, which is accordingly done this day, April 10, 1905.

*Error assigned* was the order of the court.

*W. H. Martin*, of *Martin & Sipes*, for appellant.

*W. Z. Murrin*, with him *F. J. Forquer* and *John Murrin*, for appellee.

PER CURIAM, July 13, 1905 :

The court of common pleas unquestionably had control of the judgment in No. 87 of March Term, 1905, entered by the plaintiff against the garnishee January 10, 1905. The application to open was made immediately thereafter, being dated January 12, 1905, the order for the rule to show cause having been made January 14, 1905.

The reasons, both of law and fact, stated in the decree of the court, are its sufficient justification. It would have been grossly inequitable, under the circumstances, to have allowed the judgment to stand, to say nothing of the violation of the rule of court which is pointed out in the decree of the court below.

The order of the court below opening the judgment, is, therefore, affirmed, and the appeal dismissed at the costs of the appellant.